UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

V.W., a minor, by and through his parent and natural
guardian DERECK WILLIAMS; R.C., a minor, by
and through his parent and natural guardian SANDRA
CHAMBERS; C.I., a minor, by and through his parent
and natural guardian VERTELL PENDARVIS; M.R.,
a minor, by and through his parent and natural
guardian KAREN RAYMOND; F.K., a minor, by and
through his parent and natural guardian KASHINDE
KABAGWIRA; and J.P., a minor, by and through his
parent and natural guardian ALISSA QUINONES; on
behalf of themselves and all others similarly situated,

**DEFENDANT SYRACUSE CITY
SCHOOL DISTRICT'S ANSWER
TO CLASS ACTION COMPLAINT**

Plaintiffs,

Case No.: 16-cv-1150 (DNH)(DEP)

v.

EUGENE CONWAY, Onondaga County Sheriff in his
official capacity; ESTEBAN GONZALEZ, Chief
Custody Deputy of the Onondaga County Justice
Center, in his official capacity; KEVIN M. BRISSON,
Assistant Chief Custody Deputy, in his official
capacity, and SYRACUSE CITY SCHOOL
DISTRICT,

Defendants.

Defendant, SYRACUSE CITY SCHOOL DISTRICT (the "District"),  by and through its

counsel of record, answers the Class Action Complaint (the "Complaint") of Plaintiffs V.W., a

minor, by and through his parent and natural guardian DERECK WILLIAMS; R.C., a minor, by

and through his parent and natural guardian SANDRA CHAMBERS; C.I., a minor, by and

through his parent and natural guardian VERTELL PENDARVIS; M.R., a minor, by and

through his parent and natural guardian KAREN RAYMOND; F.K., a minor, by and through his

parent and natural guardian KASHINDE KABAGWIRA; and J.P., a minor, by and through his

parent and natural guardian ALISSA QUINONES; on behalf of themselves and all others

similarly situated (collectively "Plaintiffs") as follows:

1

1.     **ADMITS** that the Complaint challenges the confinement of 16-year-olds and 17-year-olds who are incarcerated at the Justice Center in segregated housing; **DENIES** that the District plays any role in determining that juveniles be placed in segregated housing or in implementing the decision to place juveniles in segregated housing; **ADMITS** that the District cannot deliver direct instruction to inmates in segregated housing and that youth who are placed in segregated housing at the Justice Center do not receive direct educational instruction; **DENIES** that this lawsuit is appropriate for class certification; **LACKS KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 1.

2.     **ADMITS** that 16 and 17 year old youth are placed in segregated housing at the Justice Center, but **DENIES** that the District plays any role in determining that juveniles be placed in segregated housing; **LACKS KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth or falsity of the allegations in paragraph 2.

3.     **LACKS KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth or falsity of the allegations in paragraph 3.

4.     **LACKS KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth or falsity of the allegations in paragraph 4.

5.     **LACKS KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth or falsity of the allegations in paragraph 5.

6.     To the extent that paragraph 6 quotes from a December 2012 report of the National Task Force on Children Exposed to Violence, the District states that the 2012 report speaks for itself; **LACKS KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 6.

7.     **LACKS KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth or falsity of the allegations in paragraph 7.

8.     **ADMITS** that the District cannot deliver direct instruction to inmates in segregated housing, but **DENIES** that the District plays any role in determining that juveniles be placed in segregated housing, or in implementing the decision to place juveniles in segregated housing, or in denying educational services to juveniles in segregated housing; **LACKS KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 8.

9.     **ADMITS** that the Complaint purports to seek declaratory and injunctive relief; **DENIES** that the Plaintiffs are entitled to any relief against the District; **DENIES** that the District has violated the Plaintiffs' rights; **LACKS KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 9.

<u>**PARTIES**</u>

**The Named Plaintiffs**

10.     **ADMITS** that Plaintiff V.W. is currently confined at the Justice Center and that he does not have a high school diploma; **LACKS KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 10.

11.     **ADMITS** that Plaintiff R.C. is currently confined at the Justice Center and that he does not have a high school diploma; **LACKS KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 11.

12.     **ADMITS** that Plaintiff C.I. is currently confined at the Justice Center and that he does not have a high school diploma; **LACKS KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 12.

13.     **DENIES** that Plaintiff M.R. is currently confined at the Justice Center; **LACKS KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 13.

14.     **ADMITS** that Plaintiff F.K. is currently confined at the Justice Center and that he does not have a high school diploma; **LACKS KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 14.

15.     **ADMITS** that Plaintiff J.P. is currently confined at the Justice Center and that he does not have a high school diploma; **LACKS KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 15.

**The Defendants**

16.     **ADMITS** that the Complaint purports to sue Sheriff Conway in his official capacity; **LACKS KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 16.

17.     **ADMITS** that the Complaint purports to sue Chief Gonzalez in his official capacity; **LACKS KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 17.

18.     **ADMITS** that the Complaint purports to sue Assistant Chief Brisson in his official capacity; **LACKS KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 18.

19.     **ADMITS** the allegations in paragraph 19.

<u>FACTS</u>

**Solitary Confinement at the Onondaga County Justice Center**

20.     **ADMITS** the allegations in paragraph 20.

4

21.     **ADMITS** the allegations in paragraph 21.

22.     States that the "media reports" referenced in paragraph 22 speak for themselves; **LACKS KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 22.

23.     **LACKS KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth or falsity of the allegations in paragraph 23.

24.     To the extent that paragraph 24 quotes from the Justice Center's website and/or disciplinary policies, the District states that the website and the policies speak for themselves; **DENIES** the last sentence in paragraph 24 as a conclusion of law for which no response is required; **LACKS KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 24.

25.     **LACKS KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth or falsity of the allegations in paragraph 25.

26.     **LACKS KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth or falsity of the allegations in paragraph 26.

27.     **LACKS KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth or falsity of the allegations in paragraph 27.

28.     **LACKS KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth or falsity of the allegations in paragraph 28.

29.     **LACKS KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth or falsity of the allegations in paragraph 29.

30.     **LACKS KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth or falsity of the allegations in paragraph 30.

31.      **LACKS KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth or falsity of the allegations in paragraph 31.

32.      **LACKS KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth or falsity of the allegations in paragraph 32.

33.      **LACKS KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth or falsity of the allegations in paragraph 33.

34.      To the extent that paragraph 34 quotes from a publication of the National Commission on Correctional Health, the District states that the publication speaks for itself; **LACKS KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 34.

35.      **LACKS KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth or falsity of the allegations in paragraph 35.

36.      **LACKS KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth or falsity of the allegations in paragraph 36.

37.      **LACKS KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth or falsity of the allegations in paragraph 37.

38.      **LACKS KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth or falsity of the allegations in paragraph 38.

39.      **LACKS KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth or falsity of the allegations in paragraph 39.

40.      To the extent that paragraph 40 references precedent of the United States Supreme Court interpreting the Eighth Amendment, such statements constitute statements of law to which no response is required, not statements of fact.  To the extent that paragraph 40 quotes from

publications of the National Commission on Correctional Health Care and the United Nations' Special Rapporteur on Torture, the District states that such publications speak for themselves. The District **LACKS KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 40.

41.     **LACKS KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth or falsity of the allegations in paragraph 41.

42.     **LACKS KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth or falsity of the allegations in paragraph 42.

43.     **LACKS KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth or falsity of the allegations in paragraph 43.

44.     **LACKS KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth or falsity of the allegations in paragraph 44.

45.     **ADMITS** that girls are confined at the Justice  Center and that some girls are placed in segregated housing by the Sheriff's Department, but **DENIES** that the District is responsible for deciding to place any youth in segregated housing or for effecting such placements; **LACKS KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 45.

46.     **LACKS KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth or falsity of the allegations in paragraph 46.

47.     To the extent that paragraph 47 quotes from a publication of the the Ohio Department of Youth Services, the District states that this publication speaks for itself; **LACKS KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 47.

48.     **LACKS KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth or falsity of the allegations in paragraph 48.

49.     **LACKS KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth or falsity of the allegations in paragraph 49.

50.     **LACKS KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth or falsity of the allegations in paragraph 50.

51.     **LACKS KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth or falsity of the allegations in paragraph 51.

52.     **LACKS KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth or falsity of the allegations in paragraph 52.

53.     To the extent that paragraph 53 quotes from correspondence between Legal Services of Central New York and Chief Gonzalez, the District states that the referenced correspondence speaks for itself; **LACKS KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 53.

54.     **LACKS KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth or falsity of the allegations in paragraph 54.

55.     To the extent that paragraph 55 quotes from a position statement by the National Commission on Correctional Health Care, the District states that the position statement speaks for itself; **LACKS KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 55.

56.     **LACKS KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth or falsity of the allegations in paragraph 56.

57.     **LACKS KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth or falsity of the allegations in paragraph 57.

58.     **ADMITS** that youth who are placed in segregated housing at the Justice Center do not receive direct educational instruction, but **DENIES** that the District is responsible for placing youth in the segregated housing or denying educational services to such students.

59.     **DENIES** that the District plays any role in determining that juveniles be placed in segregated housing or in implementing the decision to place juveniles in segregated housing; **ADMITS** that the policies of the Sheriff's Office prohibit District personnel from delivering direct instruction to inmates in segregated housing and **DENIES** all remaining allegations in paragraph 59.

60.     **ADMITS** that the Sheriff's Office prohibits youth who are placed in segregated housing from attending school or receiving tutoring or classroom services, but **DENIES** that the District is responsible for placing youth in segregated housing or denying educational services to such students; **ADMITS** that the District prepares individualized packets of school work for youth who have been placed in segregated housing by the Sheriff's Department and delivers these individualized packets to County personnel to deliver to each student; **DENIES** that District personnel toss instructional packets through a slot in the locked doors of the youth placed in segregated housing and states by way of further response that the policies of the Sheriff's Office prohibit the District's personnel from having direct contact with juveniles in segregated housing; **DENIES** that the individualized packets are not collected or reviewed; **LACKS KNOWLEDGE OR INFORMATION** sufficient to form a belief  as to the truth or falsity of the remaining allegations in paragraph 60.

61.     **DENIES** that the District plays any role in determining that juveniles be placed in segregated housing or in implementing the decision to place juveniles in segregated housing; **ADMITS** that the policies of the Sheriff's Office prohibit District personnel from delivering direct instruction to inmates in segregated housing and **DENIES** all remaining allegations in paragraph 61.

62.     **DENIES** that the District plays any role in determining that juveniles be placed in segregated housing or in implementing the decision to place juveniles in segregated housing; **ADMITS** that the policies of the Sheriff's Office prohibit District personnel from delivering direct instruction to inmates in segregated housing and **DENIES** all remaining allegations in paragraph 62.

63.     **DENIES** that the District has taken away any educational services from the named Plaintiffs or any members of the putative class or subclass; **LACKS KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 63.

64.     **DENIES** that the District maintains a policy or practice of cutting off educational instruction to juveniles in segregated housing; **ADMITS** that disabled students who are placed in segregated housing do not receive direct instruction, but **DENIES** that the District is responsible for this denial of direct educational services; **ADMITS** that the District's teachers do not provide direct reading instruction to disabled students who are placed in segregated housing, but states by way of further response that District personnel are not permitted to directly access youth in the segregated housing; **LACKS KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 64.

65.    **DENIES** the allegations in paragraph 65 as conclusions of law for which no response is required.

66.    **ADMITS** that the juvenile named Plaintiffs reside in the Syracuse City School District; **LACKS KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth or falsity regarding the schools attended by putative class members; **ADMITS** that the District has access to IEPs of juveniles with disabilities who are incarcerated at the Justice Center who attend the District's schools and that the District is aware that such students are entitled to receive special education and/or related services; **DENIES** the remaining allegations in paragraph 66 as conclusions of law for which no response is required.

67.    **ADMITS** that the Sheriff's Office does not conduct manifestation determinations prior to placing a student in segregated housing; **DENIES** that the District is responsible for removing juveniles to segregated housing, and further **DENIES** that the District has taken any actions with respect to either the named Plaintiffs or the putative class members that constitutes a disciplinary change of placement; **DENIES** the remaining allegations in paragraph 67 as conclusions of law for which no response is required.

<u>**NAMED PLAINTIFFS' INDIVIDUAL ALLEGATIONS**</u>

68.    **LACKS KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth or falsity of the allegations in paragraph 68.

69.    **LACKS KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth or falsity of the first sentence in paragraph 69; **ADMITS** the remaining allegations in paragaph 69.

70.     **ADMITS** that V.W. has been detained at the Justice Center since February 2016; **LACKS KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth or falsity of the remaining allegations in paragaph 70.

71.     **LACKS KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth or falsity of the allegations in paragraph 71.

72.     **LACKS KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth or falsity of the allegations in paragraph 72.

73.     **LACKS KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth or falsity of the allegations in paragraph 73.

74.     **LACKS KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth or falsity of the allegations in paragraph 74.

75.     **LACKS KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth or falsity of the allegations in paragraph 75.

76.     **ADMITS** that the policies of the Sheriff's Office have resulted in V.W. missing direct instruction when he is placed in segregated housing, but **DENIES** that the District played any role in placing V.W. in segregated housing or denying him educational services; **DENIES** that the District decided to "cut [V.W.] off" from education; **LACKS KNOWEDGE OR INFORMATION** sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 76.

77.     **LACKS KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth or falsity of the allegations in paragraph 77.

78.     **LACKS KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth or falsity of the allegations in paragraph 78.

79.    **ADMITS** that R.C. qualifies for special education services; **ADMITS** that R.C. has exhibited anger management issues; **ADMITS** that R.C. is classified as a student with a disability pursuant to the IDEA and that the District has provided him with an IEP; **ADMITS** that R.C. attended McCarthy at W.R. Beard, a program operated by the District, and that the McCarthy program provides specialized services for students with social, emotional, behavioral and academic concerns; **LACKS KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth or falsity of the allegation that R.C. has been diagnosed with ADHD.

80.    **ADMITS** that R.C. has been incarcerated at the Justice Center since August 2016; **LACKS KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 80.

81.    **ADMITS** that R.C. has been placed in segregated housing by the Sheriff's Office; **LACKS KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 81.

82.    **LACKS KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth or falsity of the allegations in paragraph 82.

83.    **LACKS KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth or falsity of the allegations in paragraph 83.

84.    **LACKS KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth or falsity of the allegations in paragraph 84.

85.    **LACKS KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth or falsity of the allegations in paragraph 85.

86.    **ADMITS** that R.C. does not receive direct instruction when he is placed in segregated housing, but **DENIES** that the District is responsible for this denial of direct

educational services; **ADMITS** that the policies of the Sheriff's Office have resulted in R.C. missing ten days of instruction, but **DENIES** that the District played any role in placing R.C. in segregated housing or denying him educational services; **DENIES** that the District decided to "cut [R.C.] off" from education; **LACKS KNOWEDGE OR INFORMATION** sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 86.

87.    **LACKS KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth or falsity of the allegations in paragraph 87.

88.    **LACKS KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth or falsity of the allegations in paragraph 88.

89.    **LACKS KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth or falsity of the allegations in paragraph 89.

90.    **LACKS KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth or falsity of the allegation that C.I. has been diagnosed with ADHD; **ADMITS** that C.I. was previously classified by the District as a student with a disability but **DENIES** that C.I. currently qualifies a student with a disability, and states by way of further response the C.I. was declassified by the District's Committee on Special Education ("CSE") on September 11, 2015; **ADMITS** that before being detained at the Justice Center, C.I. attended ninth grade at Nottingham High School in the District.

91.    **ADMIT** that C.I. has been incarcerated at the Justice Center since February 2016; **LACKS KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 91.

92.      **ADMITS** that C.I. is not currently in segregated housing; **LACKS KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 92.

93.      **ADMITS** that C.I. was placed in segregated housing but **DENIES** that the District was responsible for placing him in segregated housing; **LACKS KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 93.

94.      **LACKS KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth or falsity of the allegations in paragraph 94.

95.      **LACKS KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth or falsity of the allegations in paragraph 95.

96.      **ADMITS** that the policies of the Sheriff's Office resulted in C.I. missing direct instruction when he was placed in segregated housing, but **DENIES** that the District played any role in placing C.I. in segregated housing or denying him educational services; **DENIES** that the District decided to "cut [C.I.] off" from education; **LACKS KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 96.

97.      **LACKS KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth or falsity of the allegations in paragraph 97.

98.      **LACKS KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth or falsity of the allegations in paragraph 98.

99.     **ADMITS** that M.R. recently passed the Test Assessing Secondary Completion; **LACKS KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth or falsity of the allegations in paragraph 99.

100.    **ADMITS** that M.R. previously received support in school through a Section 504 Plan, but states by way of further response the M.R. has not been classified as a student with a disability pursuant to the IDEA; states by way of further response that upon information and belief, M.R. has been sentenced and is no longer incarcerated at the Justice Center; **LACKS KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth or falsity of the allegations in paragraph 100.

101.    **ADMITS** the allegations in paragraph 101 and states by way of further response that upon information and belief, M.R. has been sentenced and is no longer incarcerated at the Justice Center.

102.    **ADMITS** that M.R. was placed in segregated housing by the Sheriff's Office during his incarceration at the Justice Center, but **DENIES** that the District was responsible for that isolation; **LACKS KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 102.

103.    **LACKS KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth or falsity of the allegations in paragraph 103.

104.    **LACKS KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth or falsity of the allegations in paragraph 104.

105.    **LACKS KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth or falsity of the allegations in paragraph 105.

106.   **ADMITS** that the policies of the Sheriff's Office resulted in M.R. missing direct instruction when he was placed in segregated housing, but **DENIES** that the District played any role in placing M.R. in segregated housing or denying him educational services; **DENIES** that the District decided to "cut [M.R.] off" from education; **LACKS KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 106.

107.   **LACKS KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth or falsity of the allegations in paragraph 107.

108.   **LACKS KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth or falsity of the allegations in paragraph 108.

109.   **LACKS KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth or falsity of the allegations in paragraph 109.

110.   **LACKS KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth or falsity of the allegations in paragraph 110.

111.   **ADMITS** that F.K. has been detained at the Justice Center since May 2016; **LACKS KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 111.

112.   **ADMITS** that F.K. has been placed in segregated housing at the Justice Center by the Sheriff's Office but **DENIES** that the District was responsible for placing F.K. in segregated housing; **LACKS KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 112.

113.   **ADMITS** that F.K. was placed in segregated housing at the Justice Center by the Sheriff's Office but **DENIES** that the District was responsible for placing F.K. in segregated

housing; **LACKS KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 113.

114.    **LACKS KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth or falsity of the allegations in paragraph 114.

115.    **ADMITS** that the policies of the Sheriff's Office resulted in F.K. missing direct instruction when he was placed in segregated housing, but **DENIES** that the District played any role in placing F.K. in segregated housing or denying him educational services; **DENIES** that the District decided to "cut [F.K.] off" from education; **LACKS KNOWEDGE OR INFORMATION** sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 115.

116.    **LACKS KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth or falsity of the allegations in paragraph 116.

117.    **LACKS KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth or falsity of the allegations in paragraph 117.

118.    **LACKS KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth or falsity of the allegations in paragraph 118.

119.    **LACKS KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth or falsity of the allegations in paragraph 119.

120.    **LACKS KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth or falsity of the allegations in paragraph 120.

121.    **LACKS KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth or falsity of the allegations in paragraph 121.

122.     **LACKS KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth or falsity of the allegations in paragraph 122.

123.     **LACKS KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth or falsity of the allegations in paragraph 123.

124.     **LACKS KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth or falsity of the allegations in paragraph 124.

125.     **LACKS KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth or falsity of the allegations in paragraph 125.

126.     **DENIES** the allegations in paragraph 126 as conclusions of law for which no response is required.

## CLASS ALLEGATIONS

127.     **ADMITS** that the Plaintiffs purport to bring this action as a class action, but **DENIES** that this case is appropriate for class action treatment, that the case would be manageable as a class action, or that any ascertainable class exists; **DENIES** the remaining allegations in paragraph 127 as conclusions of law for which no response is required.

128.     **ADMITS** that Plaintiffs R.C. and F.K. purport to bring the Third Cause of Action on behalf of a subclass, but **DENIES** that this case is appropriate for class action treatment, that the case would be manageable as a class action, or that any ascertainable class exists; **DENIES** the remaining allegations in paragraph 128 as conclusions of law for which no response is required.

129.     **DENIES** the allegations in paragraph 129 as conclusions of law for which no response is required.

130.   **DENIES** the allegations in paragraph 130 as conclusions of law for which no response is required.

**JURISDICTION AND VENUE**

131.   **ADMITS** that the complaint purports to assert claims pursuant to 42 U.S.C. § 1983 and the Individuals with Disabilities in Education Act, 20 U.S.C. §§ 1400-1482, but **DENIES** that Plaintiffs or members of the putative class are entitled to any relief from the District pursuant to either of these statutes; **DENIES** the remaining allegations in paragraph 131 as conclusions of law for which no response is required.

132.   **ADMITS** that the complaint purports to seek a declaratory judgment and injunctive relief, but **DENIES** that Plaintiffs or members of the putative class are entitled to such relief from the District; **DENIES** the remaining allegations in paragraph 132 as conclusions of law for which no response is required.

133.   **DENIES** the allegations in paragraph 133 as conclusions of law for which no response is required.

**CAUSES OF ACTION**

**First Cause of Action**

134.   **DENIES** the allegations in paragraph 134.

**Second Cause of Action**

135.   **DENIES** the allegations in paragraph 135.

**Third Cause of Action**

136.   **DENIES** the allegations in paragraph 136.

## ANSWER TO PLAINTIFF'S PRAYER FOR RELIEF

137.    As to Plaintiffs' Prayer for Relief, the District **DENIES** that Plaintiffs and/or members of the putative class are entitled to any of the relief sought under any of the claims asserted in the complaint against the District.

138.    All other allegations in the complaint not specifically addressed herein are hereby **DENIED**.

## THE DISTRICT'S AFFIRMATIVE DEFENSES

The District sets forth below its affirmative defenses. By setting forth these affirmative defenses, the District does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiffs.  Moreover, nothing stated herein is intended or shall be construed as an acknowledgement that any particular issue or subject matter necessarily is relevant to Plaintiffs' allegations.

## FIRST AFFIRMATIVE DEFENSE

139.    The complaint fails to allege facts sufficient to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

140.    Plaintiffs' claims, and those of any putative class alleged in the complaint, may not be certified or maintained as a class action.

## THIRD AFFIRMATIVE DEFENSE

141.    Some or all of Plaintiffs' claims, and those of any putative class alleged in the complaint, are moot.

## FOURTH AFFIRMATIVE DEFENSE

142.    Plaintiffs' claims and the claims of the putative class members are barred, in whole or in part, because Plaintiffs and the putative class members lack standing to assert some of all of the claims set forth in the complaint or otherwise.

## FIFTH AFFIRMATIVE DEFENSE

143.    Plaintiffs are barred from asserting some of the claims against the District in the complaint, on their own behalf or on behalf of a putative class, because they have failed to exhaust their administrative remedies.

## SIXTH AFFIRMATIVE DEFENSE

144.    Plaintiffs' and the putative class members' claims for equitable relief are barred to the extent there is, or Plaintiffs assert that there is, an adequate remedy at law.

## SEVENTH AFFIRMATIVE DEFENSE

145.    Plaintiffs are not adequate representatives of the putative class and subclass described in the complaint, Plaintiffs' claims are not typical of the claims of other members of the putative class and subclass described in the complaint, common issues of law and fact do not predominate over individual issues, the putative class and subclass described in the complaint are not manageable or ascertainable, and/or a class action is not superior to the other available methods for the fair and efficient adjudication of the purported claims for relief alleged in the complaint.

## EIGHTH AFFIRMATIVE DEFENSE

146.    Even if not applicable to some or all putative class members, some or all of the defenses asserted herein may be applicable to one or more of the putative class members whom Plaintiffs may seek to represent.  This District reserves the right to identify and advance any

further additional defenses that may apply to putative class members other than the named Plaintiffs.

**NINTH AFFIRMATIVE DEFENSE**

147.   Plaintiffs' causes of action do not challenge any action on the part of the District.

**TENTH AFFIRMATIVE DEFENSE**

148.   Plaintiffs have failed to challenge any policy or practice of the District, sufficient to form a basis of liability against the District pursuant to 48 U.S.C. § 1983.

**ELEVENTH AFFIRMATIVE DEFENSE**

149.   With respect to the Plaintiffs' request for declaratory relief, there is no genuine dispute between the Plaintiffs and the District.

**RESERVATION OF DEFENSES**

Further responding, the District states that it currently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available.  The District reserves the right to assert additional affirmative defenses in the event that discovery indicates it would be appropriate.

**WHEREFORE**, the District prays as follows:

A.   That judgment on the complaint, and on each cause of action against the District, be entered in favor of the District;

B.   That this Court finds that this suit cannot be maintained as a class action;

C.   That Plaintiffs and the members of the putative class take nothing by Plaintiffs' complaint;

D.   That the request for injunctive relief be denied;

E.      That the request for declaratory relief be denied;

F.      The Plaintiffs not be deemed prevailing parties; and

G.      For such other and/or further relief as this Court may deem just and proper.

<u>**JURY DEMAND**</u>

The District hereby demands a jury trial on all claims to which it is entitled.

Respectfully submitted,

Dated:  October 13, 2016                    BOND, SCHOENECK & KING, PLLC

By*:  /s/  Jonathan B. Fellows*
        Jonathan B. Fellows (Bar Role No. 101628)
        Kate I. Reid (Bar Roll No. 517408)
*Attorneys for Defendant Syracuse City School*
*District*
Office and P.O. Address
One Lincoln Center
Syracuse, New York 13202
Tel:  (315) 218-8000
Fax: (315) 218-8100
Email: fellowj@bsk.com
Email: kreid@bsk.com

**CERTIFICATE OF SERVICE**

I hereby certify that on October 13, 2016, I caused to be filed the foregoing Answer with the Clerk of the Court via the CM/ECF system, which sent notification of such filing to the following:

Phillip Desgranges
Aimee Krause Stewart
Mariko Hirose
Mariana Kovel
Christopher Dunn
New York Civil Liberties Union Foundation
125 Broad Street, 19th Floor
New York, New York 1004

Joshua T. Cotter
Susan M. Young
Samuel C. Young
Legal Services of Central New York
221 S. Warren Street, 3rd Floor
Syracuse, New York

Kathleen M. Dougherty
Onondaga County Department of Law
John H. Mulroy Civic Center
421 Montgomery Street, 10th Floor
Syracuse, NY 13202

/s/Kate I. Reid
Kate I. Reid