UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

V.W, a minor, by and through his parent and,
natural guardian DERECK WILLIAMS;
R.C., a minor, by and through his parent and
natural guardian, SANDRA CHAMBERS;
C.I., a minor, by and through his parent and
natural guardian VERTELL PENDARVIS;
M.R., a minor, by and through his parent
and natural guardian KAREN RAYMOND;
F.K., a minor, by and through his parent and
natural guardian KASHINDE KABAGWIRA;
and J.P, a minor, by and through his parent
and natural guardian ALISSA QUINONES;
on behalf of themselves and all other similarly
situated,

**ANSWER**

9:16-CV-1150 (DNH/DEP)

Plaintiffs,

vs.

EUGENE CONWAY, Onondaga County
Sheriff, in his official capacity, ESTEBAN
GONZALEZ, Chief Custody Deputy of the
Onondaga County Justice Center, in his
Official capacity; KEVIN M. BRISSON,
Assistant Chief Custody Deputy, in his
Official capacity; and SYRACUSE CITY
SCHOOL DISTRICT,

Defendants.

---

Defendants, Eugene Conway, Esteban Gonzalez and Kevin Brisson, by their attorney,

Robert A. Durr, County Attorney, Kathleen M. Dougherty, of counsel, as and for an Answer to

Plaintiffs' Complaint, alleges and shows to the Court as follows:

1.     Since the following paragraphs are intended as background and summary, no

response is required.  To the extent a response is required, Defendants **DENY** the allegations

contained in paragraphs 1, 5, 6, 7, 22, 34, 35, 36, 37, 38, 39, 40, 46, 47, 48, 49, 50, 65 and 67.

2.     Since the following paragraphs state legal conclusions, no response is required.

To the extent a response is required, Defendants **DENY** the allegations contained in paragraphs 126, 129, 130, 131, 132 and 133.

3.      **ADMIT** the allegations contained in paragraphs 19, 23 and 91 of the Complaint.

4.      **DENY** the allegations contained in paragraphs 2, 3, 4, 8, 9, 24, 26, 27, 28, 29, 30, 31, 32, 33, 41, 44, 45, 51, 56, 58, 59, 61, 63, 73, 75, 83, 87, 88, 95, 97, 107, 108, 116, 124, 134, 135 and 136 of the Complaint.

5.      **LACK SUFFICIENT INFORMATION TO FORM A BELIEF** as to the allegations contained in paragraphs 21, 42, 43, 52, 53, 54, 55, 62, 66, 68, 69, 72, 74, 76, 78, 79, 82, 89, 90, 93, 94, 96, 98, 99, 100, 103, 104, 105, 106, 109, 110, 113, 114, 115, 117, 119, 121, 122, 123, 125,  of the Complaint and therefore **DENY**.

6.      **ADMIT** so much of paragraph 10 that alleges that V.W. is a 17 year old African American and was detained at the Justice Center and **LACK SUFFICIENT INFORMATION TO FORM A BELIEF** as to the remaining allegations of said paragraph.

7.      **ADMIT** so much of paragraph 11 that alleges that R.C. is a 17 year old African American and was detained at the Justice Center and **LACK SUFFICIENT INFORMATION TO FORM A BELIEF** as to the remaining allegations of said paragraph.

8.      **ADMIT** so much of paragraph 12 that alleges that C.I. is a 17 year old African American and was detained at the Justice Center and **LACK SUFFICIENT INFORMATION TO FORM A BELIEF** as to the remaining allegations of said paragraph.

9.      **ADMIT** so much of paragraph 13 that alleges that M.R. is a 17 year old African American and was detained at the Justice Center and **LACK SUFFICIENT INFORMATION TO FORM A BELIEF** as to the remaining allegations of said paragraph.

10.      **ADMIT** so much of paragraph 14 that alleges that F.K. is 17 years old and was

detained at the Justice Center and **LACK SUFFICIENT INFORMATION TO FORM A BELIEF** as to the remaining allegations of said paragraph.

11.   **ADMIT** so much of paragraph 15 that alleges that J.P is 17 years old and was detained at the Justice Center and **LACK SUFFICIENT INFORMATION TO FORM A BELIEF** as to the remaining allegations of said paragraph.

12.   **ADMIT** so much of paragraph 16 that alleges that Eugene J. Conway is the Sheriff of Onondaga County; and **DENY** the remaining allegations of said paragraph.

13.   **ADMIT** so much of paragraph 17 that alleges that Esteban M. Gonzalez is the Chief Custody Deputy for the Onondaga County Sheriff's Office; and **DENY** the remaining allegations of said paragraph.

14.   **ADMIT** so much of paragraph 18 that alleges that Kevin M. Brisson is the Assistant Chief Custody Deputy for the Onondaga County Sheriff's Office; and **DENY** the remaining allegations of said paragraph.

15.   **ADMIT** so much of paragraph 60 that alleges that juveniles in the Segregated Housing Unit are provided weekly educational packets, which included class worksheets; and **DENY** the remaining allegations of said paragraph.

16.   **ADMIT** so much of paragraph 64 that alleges that juveniles in the Segregated Housing Unit are provided weekly educational packets, including class worksheets; and **DENY** the remaining allegations of said paragraph.

17.   **ADMIT** so much of paragraph 70 that alleges that V.W. was a pre-trial detainee and **LACK SUFFICIENT INFORMATION TO FORM A BELIEF** as to the remaining allegations of said paragraph.

18.   **ADMIT** so much of paragraph 71 that alleges that on at least one occasion V.W.

has been held in the Segregated Housing Unit; and **DENY** the remaining allegations of said paragraph.

19.    **ADMIT** so much of paragraph 77 that alleges that V.W. had a disciplinary hearing on September 28, 2016; and **LACK SUFFICIENT INFORMATION TO FORM A BELIEF** the remaining allegations of said paragraph.

20.    **ADMIT** so much of paragraph 80 that alleges that R.C. is a pre-trial detainee with a violation of probation detained; and **LACK SUFFICIENT INFORMATION TO FORM A BELIEF** as to the remaining allegations of said paragraph.

21.    **ADMIT** so much of paragraph 81 that alleges that on at least one occasion R.C. has been held in the Segregated Housing Unit; and **DENY** the remaining allegations of said paragraph.

22.    **ADMIT** so much of paragraph 92 that alleges that on at least one occasion C.I. has been held in the Segregated Housing Unit; and **DENY** the remaining allegations of said paragraph.

23.    **ADMIT** so much of paragraph 101 that M.R. was a pre-trial detainee and **AFFIRMATIVELY STATE**  that M.R. entered a guilty plea to Indictment #16-0020-4 and was sentenced to State prison on October 26, 2016.

24.    **ADMIT** so much of paragraph102 that alleges that at least on one occasion M.R. has been held in the Segregated Housing Unit; and **DENY** the remaining allegations of said paragraph.

25.    **ADMIT** so much of paragraph 111 that alleges that F.K. was a pre-trial detainee and **AFFIRMATIVELY STATE**  that F.K. was sentenced to probation on October 28, 2016.

26.    **ADMIT** so much of paragraph 112 that on at least one occasion F.K. has been

-4-

held in the Segregated Housing Unit; and **DENY** the remaining allegations of said paragraph.

27.     **ADMIT** so much of paragraph 119 that alleges that J.P. was a pre-trial detainee and **AFFIRMATIVELY STATE** that J.P. was sentenced to State Prison on November 2, 2016.

28.     **ADMIT** so much of paragraph 120 that on at least one occasion J.P. has been held in the Segregated Housing Unit; and **DENY** the remaining allegations of said paragraph.

## CLASS ALLEGATIONS

29.     **ADMIT** that the Plaintiffs purport to bring this action as a class action, but **DENY** that this case is appropriate for class action treatment, that the case would be manageable as a class action, or that any ascertainable class exists; **DENY** the remaining allegations in paragraph 127 as conclusions of law for which no response is required.

30.     **ADMIT** that Plaintiff R.C. and F.K. purport to bring the Third Cause of Action on behalf of a subclass, but **DENY** that this case is appropriate for class action treatment, that the case would be manageable as a class action, or that any ascertainable class exists; **DENY** the remaining allegations in paragraph 128 as conclusions of law for which no response is required.

## JURISDICTION AND VENUE

31.     **ADMIT** that the complaint purports to assert claims pursuant to 42 U.S.C. §1983 and the Individuals with Disabilities in Education Act, 20 U.S.C. §§1400-1482, but **DENY** that Plaintiffs or members of the putative class are entitled to any relief pursuant to either of these statutes; **DENY** the remaining allegations in paragraph 131 as conclusions of law for which no response is required.

32.     **ADMIT** that the complaint purports to seek a declaratory judgment and injunctive relief, but **DENY** that Plaintiffs or members of the putative class are entitled to such relief; **DENY** the remaining allegations in paragraph 132 as conclusions of law for which no response

if required.

## ANSWER TO PLAINTIFFS' PRAYER FOR RELIEF

33.    As to Plaintiffs' Prayer for Relief, the Defendants **DENY** that Plaintiffs and/or members of the putative class are entitled to any of the relief sought under any of the claims asserted in the complaint against the Defendants.

34.    **DENY** each and every other allegation contained herein which has not been specifically admitted, denied or otherwise controverted.

35.    **DENY** that the Notice of Claim was served within the statutory period prescribed by law and **DENY** that said Notice of Claim was served upon the proper party, and further **DENY** that the purported written Notice of Claim was served or filed in accordance with Section 50-e of the General Municipal Law or Section 52 of the County Law in such cases made and provided, and that any writings served or caused to be served purporting to be a Notice did not comply in form or substance with the provisions of the statutes in such case made and provided.

## DEFENDANTS' AFFIRMATIVE DEFENSES

36.    Defendants set forth below its affirmative defenses.   By setting forth these affirmative defenses, Defendants do not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiffs.   Moreover, nothing stated herein is intended or shall be construed as an acknowledgement that any particular issue or subject matter necessarily is relevant to Plaintiffs' allegations.

## FOR A FIRST AFFIRMATIVE DEFENSE,
## THESE DEFENDANTS ALLEGE AS FOLLOWS:

37.    Defendants are afforded statutory and common law immunity as to the allegations contained in Plaintiff's Complaint.

**FOR A SECOND AFFIRMATIVE DEFENSE,
THESE DEFENDANTS ALLEGE AS FOLLOWS:**

38.     Plaintiff failed to perform conditions precedent to the initiation of this suit.

**FOR A THIRD AFFIRMATIVE DEFENSE,
THESE DEFENDANTS ALLEGE AS FOLLOWS:**

39.     The Complaint fails to state a claim upon which relief may be granted.

**FOR A FOURTH AFFIRMATIVE DEFENSE,
THESE DEFENDANTS ALLEGE AS FOLLOWS:**

40.     Some or all of Plaintiffs' claims, and those of any putative class alleged in the Complaint, are moot.

**FOR A FIFTH AFFIRMATIVE DEFENSE,
THESE DEFENDANTS ALLEGE AS FOLLOWS:**

41.     Plaintiffs' claims, and those of any putative class, alleged in the Complaint, may not be certified or maintained as a class action.

**FOR A SIXTH AFFIRMATIVE DEFENSE,
THESE DEFENDANTS ALLEGE AS FOLLOWS:**

42.     Plaintiffs and the putative class members lack standing to assert some or all of the claims set forth in the Complaint or otherwise.

**FOR A SEVENTH AFFIRMATIVE DEFENSE,
THESE DEFENDANTS ALLEGE AS FOLLOWS:**

43.     The claims of Plaintiffs and the putative class members for equitable relief are barred to the extent there is, or Plaintiffs assert that there is, an adequate remedy at law.

**FOR AN EIGHTH AFFIRMATIVE DEFENSE,
THESE DEFENDANTS ALLEGE AS FOLLOWS:**

44.     Plaintiffs are not adequate representatives of the putative class and subclass described in the Complaint, Plaintiffs' claims are not typical of the claims of other members of

the putative class and subclass described in the Complaint, common issues of law and fact do not predominate over individual issues, the putative class and subclass described in the Complaint are not manageable or ascertainable, and/or a class action is not superior to the other available methods for the fair and efficient adjudication of the purported claims for relief alleged in the Complaint.

**FOR A NINTH AFFIRMATIVE DEFENSE,**
**THESE DEFENDANTS ALLEGE AS FOLLOWS:**

45.     Plaintiffs have failed to exhaust available administrative remedies for the satisfaction of this claim.

**FOR A TENTH AFFIRMATIVE DEFENSE,**
**THESE DEFENDANTS ALLEGE AS FOLLOWS:**

46.     Plaintiffs have failed to name a necessary party.

**FOR AN ELEVENTH AFFIRMATIVE DEFENSE,**
**THESE DEFENDANTS ALLEGE AS FOLLOWS:**

47.     The Complaint fails to state specific acts of conduct attributable to the named Defendants which give rise to liability pursuant to 42 U.S.C. § 1983.

**FOR A TWELFTH AFFIRMATIVE DEFENSE,**
**THESE DEFENDANTS ALLEGE AS FOLLOWS:**

48.     The Complaint fails to allege the existence of a custom, policy or procedure of the municipal defendant which give rise to liability pursuant to 42 USC §1983.

**FOR A THIRTEENTH AFFIRMATIVE DEFENSE,**
**THESE DEFENDANTS ALLEGE AS FOLLOWS:**

49.     The allegations in the Plaintiffs' Complaint do not rise to a level of constitutional magnitude.  The Court, thus, lacks subject matter jurisdiction.

### FOR A FOURTEENTH AFFIRMATIVE DEFENSE, THESE DEFENDANTS ALLEGE AS FOLLOWS:

50.     Defendants acted reasonably and in good faith.

### FOR A FIFTEENTH AFFIRMATIVE DEFENSE, THESE DEFENDANTS ALLEGE AS FOLLOWS:

51.     The Court has not obtained personal jurisdiction over each answering Defendants, for lack of personal service of the Summons and Complaint herein.

### FOR A SIXTEENTH AFFIRMATIVE DEFENSE, THESE DEFENDANTS ALLEGE AS FOLLOWS:

52.     Upon information and belief, Defendants are immune from the allegations and claims which make up Plaintiffs' complaint in that the acts and omissions complained of are discretionary and governmental in nature rather than ministerial.

### FOR A SEVENTEENTH AFFIRMATIVE DEFENSE, THESE DEFENDANTS ALLEGES AS FOLLOWS:

53.     Upon information and belief, Defendants are absolutely and/or qualifiedly immune from the allegations and claims which make up Plaintiffs' complaint in that the acts and omissions complained of are discretionary and governmental in nature rather than ministerial.

### FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE, THESE DEFENDANTS ALLEGE AS FOLLOWS:

54.     Plaintiffs have failed to mitigate their alleged injuries or damages.

### FOR A NINETEENTH AFFIRMATIVE DEFENSE, THESE DEFENDANTS ALLEGE AS FOLLOWS:

55.     That any damages alleged to have been sustained by Plaintiffs were caused or contributed to in full or in part by the culpable conduct and/or carelessness including comparative negligence and/or assumption of the risk of Plaintiffs or third persons over whom Defendants have no control, and not by any culpable conduct on the part of Defendants, its

agents, servants or employees.  Plaintiffs, therefore, are not entitled to any award or recovery herein, and by reason of such culpable conduct attributable to Plaintiffs and/or third persons, any damages recovered by Plaintiffs should be diminished in such proportion as the culpable conduct of Plaintiffs or third persons bear to the culpable conduct of these Defendants.

## FOR A TWENTIETH AFFIRMATIVE DEFENSE, THESE DEFENDANTS ALLEGE AS FOLLOWS:

56.     Upon information and belief the Plaintiffs may have, or might in the future, reach agreements and/or settlement with co-Defendants or other non-party tort feasors and in the event of any such circumstance will be obliged to immediately disclose the same to these Defendants at which time the Defendants will have the right to set-off any and all other available relief pursuant to GOL §15-108 and cases decided thereunder.

## DEMAND FOR JURY TRIAL

57.     These Defendants demand a trial by jury.

**WHEREFORE**, Defendants demand judgment (a) dismissing the Complaint, or in the alternative, (b) diminishing the damages recoverable in such proportion as the culpable conduct of the Plaintiff or third persons bear to the culpable conduct of the Defendants, together with reasonable counsel fees and costs incurred in this action, and for such other relief as is just and proper.

Dated: November 10, 2016

Yours, etc.,

ROBERT A. DURR
COUNTY ATTORNEY
Kathleen M. Dougherty, of counsel
Attorneys for Defendants, Conway,
Gonzalez and Brisson
Office & P. O. Address
421 Montgomery St., 10th Floor
Syracuse, New York  13202

-11-