UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

V.W., a minor, by and through his parent and natural guardian DERECK WILLIAMS; R.C., a minor, by and through his parent and natural guardian SANDRA CHAMBERS; C.I., a minor, by and through his parent and natural guardian VERTELL PENDARVIS; M.R., a minor, by and through his parent and natural guardian KAREN RAYMOND; F.K., a minor, by and through his parent and natural guardian KASHINDE KABAGWIRA; and J.P., a minor, by and through his parent and natural guardian ALISSA QUINONES; on behalf of themselves and all others similarly situated,

          Plaintiffs,

  v.

EUGENE CONWAY, Onondaga County Sheriff in his official capacity; ESTEBAN GONZALEZ, Chief Custody Deputy of the Onondaga County Justice Center, in his official capacity; KEVIN M. BRISSON, Assistant Chief Custody Deputy, in his official capacity, and SYRACUSE CITY SCHOOL DISTRICT,

          Defendants.

Case No.: 16-cv-1150 (DNH)(DEP)

## REPLY MEMORANDUM OF SYRACUSE CITY SCHOOL DISTRICT IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

**BOND, SCHOENECK & KING, PLLC**
Office & P.O. Address:
One Lincoln Center
Syracuse, New York 13202
Telephone:  (315) 218-8000
Facsimile:  (315) 218-8100

*Attorneys for Defendant the Syracuse City School District*

2814474.1

## PRELIMINARY STATEMENT

Defendant, the Syracuse City School District ("SCSD" or the "District") submits this Reply Memorandum in further support of its motion for summary judgment.  SCSD moved for summary judgment dismissing plaintiffs' complaint which states that it "challenges the solitary confinement of 16 and 17-year olds, most of whom have not been convicted of any crime, at the Onondaga County Justice Center."  <u>Complaint</u>, Docket No. 1, ¶ 1.  The first paragraph of the complaint continues by alleging:

> the <u>Onondaga County Sheriff's Office</u> has embraced the frequent and arbitrary use of solitary confinement… Compounding the profound consequences of the Office's wanton use of solitary confinement, <u>Sheriff's Office officials</u> also are denying juveniles basic educational services and programming, including services needed to address their disabilities.

<u>Complaint</u>, ¶ 1 (emphasis added).

Despite the clear allegations of their own complaint, which allege that the Sheriff's Department imposes solitary confinement and that the Sheriff's Department thereby denies youthful inmates educational services, Plaintiffs' opposition to the motion now claims that there is a question of fact concerning whether the Sheriff's Department, or the District, has caused the denial of educational services alleged in the complaint.

Plaintiffs' opposition is contrary to their own complaint, is unsupported by any admissible evidence, and is insufficient to defeat summary judgement.  The only thing standing between plaintiffs and direct instruction from the SCSD while in segregated housing are the doors kept locked by the Sheriff's Department.

## **DISCUSSION**

The complaint's opening paragraph, which makes clear that it is the Sheriff's Office that imposes solitary confinement, is followed by a series of allegations setting forth alleged policies of the Sheriff's Office.  Paragraph 3 for example alleges:  "The Sheriff's Office is imposing or extending solitary confinement for minor misbehavior that is not unusual for teenagers." Complaint, ¶ 3.  Paragraph 4 alleges:  "Sheriff's Office staff members have sent juveniles to solitary for seemingly sadistic reasons."  Complaint, ¶ 4.  The complaint  makes clear that the Sheriff, defendant Conway, "has supervisory authority over the Justice Center and is personally involved in authorizing and maintaining the unlawful policies and customs challenged by plaintiffs."  Complaint, ¶ 16.  The complaint further alleges that defendants Chief Custody Deputy Gonzalez and Assistant Chief Custody Deputy Brisson are also responsible for authorizing and enforcing the unlawful policies.  Complaint, ¶¶ 17-18.

The complaint then alleges that the District is the educational provider at the Justice Center (Complaint, ¶ 19), but does not contain one factual allegation that SCSD teachers or administrators play any role in imposing the solitary confinement challenged in the complaint.

The opposition to the motion includes several declarations of youthful inmates.  The declaration of "D.D." who is not a named plaintiff, states that D.D. was placed in solitary confinement, but does not assert that SCSD played any role in placing him in solitary.  Docket No. 42-3, at 3.  The declaration of C.B., Docket No. 42-3, at 8, who is likewise not a named plaintiff, states that he was sent to isolation, but likewise does not assert that the SCSD played any role in placing him there.  The declaration of M.S., Docket 42-3, at 17, also states that he was sent to solitary confinement, but again does not make any assertion that the SCSD played any role in placing him there.  The supplemental declaration of R.C., Docket No. 42-4, at 13,

2

who is a named plaintiff, states that he was placed in solitary confinement, but again does not assert that the SCSD played any role in placing him there. The supplemental declaration of V.W., who is a named Plaintiff, states that he is in solitary confinement, and that he receives cell packets, but again makes no assertion that the SCSD placed him in solitary confinement. Docket No. 42-5, at 13.

In support of its motion, SCSD submitted declarations of its administrators that it plays no role in placing youths in segregated housing. Declaration of John A. Dittmann, Jr., Docket No. 28-3, ¶ 7; Declaration of Signe Nelson, Docket No. 28-5, ¶ 7. The declarations establish that the District is ready, willing and able to provide educational services to youthful inmates in segregated housing as soon as the Sheriff's Department affords the District access to these students. The District produced its policy documents to the plaintiffs in expedited discovery, and they likewise do not indicate the SCSD plays any role in placing youthful inmates into segregated housing at the Justice Center. Reid Declaration, ¶ 3.

Plaintiffs' opposition asserts that they should be allowed to conduct further discovery to determine whether SCSD does play a role in placing youthful inmates in segregated housing. However, their own complaint makes no such allegation. Nor do any of the juvenile plaintiffs claim that District officials played any role in placing them in segregated housing. Plaintiffs already have been provided the District's policy documents. Reid Declaration, ¶ 3. Plaintiffs should not be allowed to conduct discovery of the District when their own complaint alleges that they are challenging policies and practices of the Sheriff's Department.

The District does not dispute that it is the agency required to offer education under New York State law and the IDEA to youths held at the Justice Center. The opposition asserts that "the District does not identify any legal authority that educational and procedural obligations

2814474.1

3

cease if Justice Center officials do not cooperate." Memorandum in Opposition, Docket No. 42, at 11. The District respectfully asserts that the plaintiffs have turned the law on its head. It is the plaintiffs who must establish a basis for liability against the District. Plaintiffs cite no case which holds that a school district may be held responsible under the IDEA for failing to provide educational services to inmates when the agency operating the correctional facility denies the district access to the inmates.[1]

Plaintiffs state that "the District has passively stood by while the Sheriff's Office denied and continues to deny them access to juveniles in solitary confinement." Memorandum in Opposition, Docket No. 42, at 15. The assertion ignores the undisputed reality that the Sheriff's Department operates the jail and the Sheriff's Department places youthful inmates in segregated housing, and it is the Sheriff's Department who has denied the District access to the Plaintiffs. Plaintiffs' Opposition asserts that they need to take the depositions of the District administrators and its teachers. It is unclear what these depositions would establish. Plaintiffs' own allegations challenge policies of the Sheriff's Department, not of the District. They have already been provided the District's policy documents in expedited discovery. The IDEA, and its implementing regulations, require the SCSD, as the local educational agency, to make a free appropriate public education "available". 34 C.F.R. § 300.1(a). The District does have

---

[1] Plaintiffs have cited a filing of the Department of Justice in another case, G.F. v. Contra Costa County. Plaintiffs argue the the Department of Justice took the position in that case that the local educational agency could not contract away its obligations to make a free appropriate public education available to inmates. This argument misses the point: the SCSD does not assert that it has contracted away its obligations; rather, the District asserts that the Sheriff's Department will not allow the District to meet those obligations. In any event, the Department of Justice Statement of Interest cited by the Plaintiffs cites no authority which would support the Plaintiffs' premise that the SCSD has some legal duty to wrest control over the Justice Center away from the Sheriff's Department. Further, as is set forth in the SCSD's initial memorandum, Docket No. 30, at 12, the Contra Costa case is distinguishable.

2814474.1

educational services "available" to incarcerated youths at the Justice Center. The IDEA does not require the SCSD to take over the Justice Center's operations to deliver those available services to students who the Sheriff's Department make unavailable.

To the extent plaintiffs wish to depose individual teachers regarding individual cases in which they claim the District failed to provide instruction to youthful inmates in a particular case, this discovery does not implicate any policy of the District that has <u>systemically</u> denied education to youthful inmates at the Justice Center.  If Plaintiffs wish to litigate individualized cases regarding what educational services were provided to particular inmates under the IDEA, then they should first exhaust their remedies in an impartial hearing as required by the IDEA. <u>See Defendant's Initial Memorandum</u>, <u>Docket Number 30</u>, at 10-12.  Likewise, the extensive critique of  the "cell packets" contained in the Plaintiffs' opposition is irrelevant: the District does not maintain that it can make a free appropriate public education "available" solely through cell packets; rather, the cell packets are the most effective way to continue some education to youthful inmates while the Sheriff's Department has made them unavailable for direct instruction.

2814474.1

## **CONCLUSION**

This is a case challenging the placement of youthful inmates at the Onondaga Justice Center in segregated housing. Plaintiffs have not alleged that the District plays any role in placing youthful inmates in segregated housing. Nor have they alleged any systemic policy <u>of the District</u> that has denied youthful inmates educational services. The sole cause of any denial of those educational services is actions by the Sheriff's Department. Accordingly, the motion should be granted.

Respectfully submitted,

BOND, SCHOENECK & KING, PLLC

Dated: December 19, 2016        By:    */s/ Jonathan B. Fellows*
                                                    Jonathan B. Fellows (101628)
                                                    Kate I. Reid (517408)
Office & P.O. Address:
One Lincoln Center
Syracuse, New York 13202
Telephone: (315) 218-8000
Facsimile: (315) 218-8100
Email: jfellows@bsk.com
Email: kreid@bsk.com

*Attorneys for Defendant the Syracuse City School District*