UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

V.W, a minor, by and through his parent and, natural guardian
DERECK WILLIAMS; R.C., a minor, by and through his parent and
natural guardian, SANDRA CHAMBERS; C.I., a minor, by and through
his parent and natural guardian VERTELL PENDARVIS; M.R., a minor,
by and through his parent and natural guardian KAREN RAYMOND;
F.K., a minor, by and through his parent and natural guardian KASHINDE
KABAGWIRA; and J.P, a minor, by and through his parent and
natural guardian ALISSA QUINONES; on behalf of themselves
and all other similarly situated,

                                        Plaintiffs,

vs.

EUGENE CONWAY, Onondaga County Sheriff, in his official capacity,
ESTEBAN GONZALEZ, Chief Custody Deputy of the Onondaga County
Justice Center, in his Official capacity; KEVIN M. BRISSON,
Assistant Chief Custody Deputy, in his Official capacity; and
SYRACUSE CITY SCHOOL DISTRICT,

                                        Defendants.

---

## MEMORANDUM OF LAW

9:16-CV-1150 (DNH/DEP)

---

ROBERT A. DURR, County Attorney
Carol L. Rhinehart, of Counsel
Attorney for County Defendants
Onondaga County Dept. of Law
421 Montgomery St., 10th Floor
Syracuse, NY 13202

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ………………………………………………………….. 1

ARGUMENT

POINT I

PLAINTIFFS CANNOT MEET THE CRITERA NECESSARY
FOR ISSUANCE OF A PRELIMINARY INJUNCTION ……………………………… 2

POINT II

PLAINTIFFS ARE NOT LIKELY TO SUCCEED ON THEIR
FOURTEENTH AMENDMENT AND IDEA CLAIMS
FOR DENNIAL OF EDUCATIONAL SERVICES ……………………………………. 6

CONCLUSION ………………………………………………………………………….. 8

# PRELIMINARY STATEMENT

Plaintiffs, a putative class of all present and future 16 and 17 year olds incarcerated at the Onondaga County Justice Center ("Justice Center") and a putative subclass of all current and future 16 and 17 year olds with disabilities, as defined by the Individuals with Disabilities Education Act, incarcerated at the Onondaga County Justice Center who are in need of special education and related services ("IDEA Subclass") commenced an action pursuant to 42 USC §1983 and the Individuals with Disabilities Education Act, 20 USC §§1400-1482. Plaintiffs assert claims against a number of defendants, to include, Eugene Conway, Onondaga County Sheriff; Esteban Gonzalez, Chief Custody Deputy of the Onondaga County Justice Center; Kevin Brisson, Assistant Chief Custody Deputy (collectively County Defendants) and the Syracuse City School District.

In summary, plaintiffs claim that all class members face a substantial risk of serious harm as a result of the Sheriff's Office's "disciplinary isolation policies and practices," and all class members face an unlawful denial of educational services without due process.

In the putative class action, Plaintiffs seek a preliminary injunction enjoining the County Defendants from using disciplinary isolation for juveniles. Further, plaintiffs seek an order requiring the Syracuse City School District and the County Defendants to afford all eligible juveniles who are denied educational instruction they are entitled to under New York's laws and regulations with notice and an opportunity to be heard; and to afford juveniles with qualifying disabilities under the Individuals with Disabilities Education Act ("IDEA") with a free appropriate public education by providing them with special education services and manifestation determination review mandated by the IDEA. Plaintiffs, however, cannot meet the prerequisites for the issuance of the preliminary injunction, and for the reasons set forth herein, Plaintiffs' motion for preliminary injunction should be denied.

# ARGUMENT

## POINT I

### PLAINTIFFS CANNOT MEET THE CRITERIA NECESSARY FOR ISSUANCE OF A PRELIMINARY INJUNCTION

A preliminary injunction is an extraordinary measure that should not be routinely granted. Twentieth Century Fox Film Corp. v. Marvel Enterp., Inc., 277 F.3d 253, 258 (2d Cir 2002). In order to meet the prerequisites for issuance of a preliminary injunction, the plaintiffs bear the burden of establishing that they are entitled to the relief sought. Forest City Daly Housing, Inc. v. Town of North Hempstead, 175 F.3d 144, 149 (2d Cir. 1999). For a preliminary injunction that seeks to maintain the status quo, plaintiffs must demonstrate irreparable harm and either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits and a balance of hardships tipping toward the party requesting relief. Christian Louboutin S.A. v. Yves Saint Laurent America Holding, Inc., 696 F.3d 206, 215 (2d Cir. 2012)(internal quotations and citations omitted).

If, however, a movant seeks an injunction that will alter rather than maintain the status quo, he is required to meet a more rigorous standard of demonstrating a "clear" or "substantial likelihood of success on the merits." See Doniger v. Niehoff, 527 F.3d 41, 47 (2d Cir. 2008)(citations omitted). Under such circumstances, an injunction should issue "only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief." Tom Doherty Assocs., Inc. v. Saban Entertainment, Inc., 60 F.3d 27, 34 (2d Cir. 1995)(internal quotation omitted).

In the instant matter, plaintiffs seek an injunction that will alter rather than maintain the status quo. Consequently, plaintiffs must meet the more rigorous standard of demonstrating a

clear or substantial likelihood of success on the merits. Doniger, 527 F.3d at 47. Plaintiffs cannot meet their burden.

Here, Plaintiffs contend that the conditions of solitary confinement that juveniles are subjected to at the Justice Center violate the Eighth and Fourteenth Amendments of the Constitution. The U.S. Constitution sets a very high bar, however, for proving that conditions of confinement violate prisoner's rights. In fact, it has been held that "[t]he Eighth Amendment simply does not guarantee that inmates will not suffer some psychological effects from incarceration or segregation." See Jackson v. Meachum, 699 F.3d 578, 583 (1st Cir. 1983). Thus, to prevail on a claim of inadequate prison conditions, plaintiffs must establish that: 1) that the conditions of their confinement resulted in a deprivation that was sufficiently serious; and 2) that defendants acted with deliberate indifference to the plaintiffs' health of safety. Farmer v. Brennan, 511 U.S. 825, 834 (1994).

The first prong of this test requires that plaintiffs show that the conditions of confinement resulted in 'unquestioned and serious deprivations of basic human needs' or 'deprive[d] inmates of the minimal civilized measures of life's necessities.'" Rhodes v. Chapman, 452 U.S. 337, 347 (1981). If the condition is not sufficiently prolonged or severe, it does not rise to the level of an Eighth Amendment violation. Trammell v. Keane, 338 F.3d 155, 164-65 (2d Cir. 2003).

Here, Plaintiffs claim that locking juveniles in a closed cell with minimal or no contact with their peers, removing them from their regular routines, and depriving them of meaningful social activities, education, and mental health treatment is seriously harmful to juveniles as a group. See Ct. Doc. 46-13, p. 3 It is this form of isolation that plaintiffs contend violates the Eighth Amendment. Merely pointing to the loneliness, frustration, depression or extreme boredom experienced by inmates either confined in the Special Housing Unit or restricted to

3

their respective cell is insufficient, however, to prevail on an Eighth Amendment claim. See Jackson, 699 F.2d at 581; see also Griffin v. Coughlin, 743 F.Supp. 1006, 1016 (NDNY 1990). The prohibition against inflicting cruel and unusual punishment, however, is violated when the conditions of segregation being challenged inflict a serious mental illness, greatly exacerbate mental illness, or deprive inmates of their sanity. Jackson, 699 F.2d at 584-5. In fact, Courts have rejected Eighth Amendment claims where there is no persuasive evidence that the challenged conditions lead to serious mental injury. See e.g., Smith v. Coughlin, 748 F.2d 783, 787 (2d Cir. 1984)(district court found that plaintiff was not suffering from any psychological damage as a result of conditions of confinement); Sostre v. McGinnis, 442 F.2d 178, 193 n.24 (2nd Cir. 1971)(no evidence of psychological injury to the health of the prisoner), cert. denied 405 US 1049 (1972).

Here, the record is void of any persuasive evidence that the challenged conditions of confinement lead to serious mental injury with respect to any of the plaintiffs or putative class members. While plaintiffs contend that they are subjected to conditions tantamount to strict segregation, the record belies this claim. Though plaintiffs are confined to a cell under certain penological circumstances, (see Gonzalez Affidavit), they maintain access to medical and mental health services, law library, visitation, telephones, recreation for one hour per day, showers, education and religious services. Id. They are by no stretch of the imagination segregated even in a strict sense.

Further, a review of plaintiffs' and the other inmates' behavioral health records demonstrate that none of these inmates suffered a serious mental injury as a result of the conditions of confinement. See generally Rhinehart Exhibits A to M. Even though several of plaintiffs made suicidal statements, the records reflect that such statements were made for

4

reasons other than the conditions of confinement. For example, Plaintiff R.C. reported suicidal ideation after having a bad phone call. (See Rhinehart Exhibit A, pgs. 2, 4, 15, 23). Plaintiff F.K. reported high levels of stress and anxiety related to his case. (See Rhinehart Exhibit C, pgs. 2, 6). Plaintiff M.R. reported suicidal ideation but later stated that he exaggerated his feelings in order to take a little vacation from the box. (See Rhinehart Exhibit E, p. 53, 57). Plaintiff V.W. reported that he made a false suicidal statement out of frustration. (See Rhinehart Exhibit F, pgs. 12, 27, 31, 25). Each of these individuals was monitored by mental health workers and none were deemed to be exhibiting any of the symptoms or behavior necessitating psychiatric hospitalization or short term treatment at CPEP. See Rhinehart Exhibits A-M, and Gonzalez Exhibit P. In the absence of persuasive evidence that the challenged conditions of confinement lead to serious mental injury, plaintiffs' Eighth Amendment Claim must be denied. While plaintiffs' expert opines that despite these individuals' statements that they were not suicidal, he believes that they truly experienced suicidal ideation, and later minimized or recanted their thoughts of suicide. See Ct. Doc. No. 46-B, p. 9. He further opines that these threats of self-harm and suicide needed to be addressed through appropriate psychiatric intervention. Id. This opinion should be given little weight as Dr. Kraus was not present when any of these suicidal statements was made nor did he observe or assess these individuals in relation to the statements. He, therefore, has no medical or psychiatric basis upon which to form his opinion. Consequently, plaintiffs cannot demonstrate that the conditions of confinement resulted in a sufficiently serious deprivation.

Assuming arguendo that plaintiffs establish that the conditions of confinement resulted in a sufficiently serious deprivation, plaintiffs must demonstrate that defendants acted with deliberate indifference to the plaintiffs health or safety. Plaintiffs cannot do so.

5

In the instant matter, it is clear that Defendants utilized "lock-in" or restrictive housing with respect to plaintiffs to achieve and maintain institutional safety, security and control. See Gonzalez Affidavit and Gonzalez Exhibits C-O. Further, Defendants' placement of plaintiffs in lock-in was not done in disregard to their mental health. In all instances of an inmate being placed on lock-in or restrictive housing, medical staff is notified and the inmate is seen by both medical staff and mental health staff. See Gonzalez Affidavit. Moreover, inmates continue to have access to medical and mental health services throughout the confinement. There is absolutely no evidence that defendants deliberately disregarded plaintiffs' health or safety. Consequently, Plaintiffs cannot demonstrate an Eighth Amendment violation and their request for a preliminary injunction should be denied.

## POINT II

### PLAINTIFFS ARE NOT LIKELY TO SUCCEED ON THEIR FOURTEENTH AMENDMENT AND IDEA CLAIMS FOR DENIAL OF EDUCATIONAL SERVICES

At the outset, it should be noted, that Plaintiffs have failed to comply with the exhaustion of administrative remedies requirement of the Prison Litigation Reform Act (PLRA) and therefore this matter should be dismissed in its entirety against the County Defendants. See 42 U.S.C. §1997e(a). Gonzalez Affidavit.

The Prison Litigation Reform Act (PLRA) requires any prospective relief provided must be narrowly drawn, the least intrusive and extend no further than necessary to correct the violation of a Federal right. See 18 U.S.C. § 3626(a)(1). See also Handberry v. Thompson, 446 F.3d 335 (2d Cir. 2006); Benjamin v. Fraser, 343 F.3d 35 (2d Cir. 2003). The PLRA limits the Court's power to order prospective relief for violations of state law. See 18 U.S.C. § 3626(a)(1). See also Handberry, 446 F.3d at 344. In this matter, Plaintiffs have not established a property

6

interest in any particular educational conditions which would invoke Fourteenth Amendment protections against the County Defendants. See Handberry, 446 F.3d at 352-355.

The New York Code of Rules and Regulations Title 9, Part 7070 sets forth the minimum standards for educational services provided to youth within local correctional facilities. The NYCRR requires that each local correctional facility, in cooperation with the appropriate school district, provide eligible youths with the opportunity to participate in educational services. See 9 N.Y.C.R.R. §7070.1. The minimum standards require that the correctional facility provide classroom space, instructor orientation in accordance with 9 N.Y.C.R.R. §7070.5, scheduling of instructional time, supervision of the classroom by facility staff, procedures for escorting inmates to and from their educational programs, a secure area to store instructional materials, circumstances under which it is permissible for eligible youth to be absent from instruction, and denial or restriction of certain youth and educational services to youth in special housing units in accordance with 9 N.Y.C.R.R. § 7070.7. See 9 N.Y.C.R.R. §7070.3. Pursuant to 9 N.Y.C.R.R. § 7070.7, a youth's participation in educational services may be denied or restricted if the youth presents a threat to the safety and security of the facility or during an emergency situation. While the minimum standards do set forth procedures for providing educational services to eligible youth (9 N.Y.C.R.R. § 7070.4) the minimum standards do not require the correctional facility to design the appropriate educational plan for the eligible youth, that is the responsibility of the school district. See 8 N.Y.C.R.R. §118.1 *et seq.*

In this matter the County Defendants are in compliance with the minimum standards. Plaintiffs and the putative class member minors had their educational services restricted and/or modified due to their own behaviors which presented risks to the safety and security of the facility. Gonzalez Affidavit. At no time were Plaintiffs or the non-plaintiff minors denied

access to education. Gonzalez Affidavit. The County Defendants do not determine the individual educational plans for its minor inmates, and have no knowledge of what they contain. Gonzalez Affidavit. The content of the educational packets provided to the Plaintiffs and the putative class member minors is solely within the discretion of the Syracuse City School District. Gonzalez Affidavit. See 8 N.Y.C.R.R. §118.1 *et seq.*

## CONCLUSION

For the reasons discussed above, Plaintiffs' motion for preliminary injunction should be denied.

Dated: January 20, 2017

*Carol L Rhinehart*

ROBERT A. DURR, County Attorney
Carol L. Rhinehart, of Counsel
Attorney for County Defendants
Onondaga County Dept. of Law
421 Montgomery St., 10th Floor
Syracuse, NY 13202