UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

V.W., a minor, by and through his parent            :
and natural guardian DERECK WILLIAMS;               :
R.C., a minor, by and through his parent and        :
natural guardian SANDRA CHAMBERS;                   :
C.I., a minor, by and through his parent and        :
natural guardian VERTELL PENDARVIS;                 :
M.R., a minor, by and through his parent and        :
natural guardian KAREN RAYMOND;                     :
F.K., a minor, by and through his parent and        :
natural guardian KASHINDE                           :
KABAGWIRA; and J.P., a minor, by and                :
through his parent and natural guardian             :
ALISSA QUIÑONES; on behalf of                       :
themselves and all others similarly situated,       :
                                                    :
                        Plaintiffs,                 :
                                                    :
            v.                                      :
                                                    :
EUGENE CONWAY, Onondaga County Sheriff,             :
in his official capacity; ESTEBAN GONZALEZ,         :
Chief Custody Deputy of the Onondaga County         :
Justice Center, in his official capacity; KEVIN M.  :
BRISSON, Assistant Chief Custody Deputy, in         :
his official capacity; and SYRACUSE CITY            :
SCHOOL DISTRICT,                                    :
                                                    :
                        Defendants.                 :
---------------------------------------------------------------x

**SUPPLEMENTAL
DECLARATION OF MARIA
RAFAEL IN SUPPORT OF
PLAINTIFFS' REPLY TO THE
MOTION FOR PRELIMINARY
INJUNCTION**

16-CV-1150 (DNH) (DEP)

**SUPPLEMENTAL DECLARATION OF MARIA RAFAEL**

I, Maria Rafael, declare pursuant to 28 U.S.C. § 1746:

1.  All facts stated in this declaration are true and correct to the best of my knowledge. If called

    upon to testify, I would do so competently.

2.  I am a Paralegal at the New York Civil Liberties Union Foundation ("NYCLU"), which,

    along with Legal Services of Central New York ("LSCNY"), serves as Plaintiffs' counsel in

this case and has its offices at 125 Broad Street, 19th Floor, New York, New York 10004. I have worked at the NYCLU since July 5, 2016.

3. On November 8, 2016, Plaintiffs' counsel received documents from the Onondaga County Sheriff's Office ("Sheriff's Office") in response to Plaintiffs' request for expedited discovery. Included as part of the documents produced were compilations of records for each of the six named plaintiffs, V.W., R.C., C.I., M.R., F.K., and J.P, from October 2015 to October 2016. The records include criminal case information, intake, processing, disciplinary records, and other administrative paperwork, as well as logs of inmate activity history. The disciplinary records include incident reports, hearing results, and inmate misconduct resolution reports. The administrative paperwork includes lists of inmates' housing history, which indicate the locations and numbers of the cells where they were housed and the dates and times during which they were housed in those particular cells. The logs of inmate activity history record inmates' participation in the activities offered at the Justice Center, including religious services. I reviewed all of the documents that were produced. I also reviewed Exhibits B through I of Emily NaPier's declaration in support of Plaintiffs' Motion for a Preliminary Injunction, which I understand are Excel spreadsheets generated by the Sheriff's Office with information and data about disciplinary sanctions imposed on all 16- and 17-year-olds at the Justice Center from October 2015 to October 2016. Among the information included in these spreadsheets are inmates' Inmate Control Numbers ("ICN"), Special Conditions Start Dates, Special Conditions End Dates, and Types of Segregation. This information allows me to identify disciplinary sanctions related to the named plaintiffs and calculate the total number of days they served in solitary confinement from October 2015 to October 2016 by counting the number of days between the Special Conditions Start Date and

Special Conditions End Date for each plaintiff's disciplinary sanction and adding up the total for all thirteen months, excluding repeated or overlapping dates. For entries that were missing Special Conditions End Dates, I first looked at the disciplinary records described above, which usually included information about Special Conditions End Dates. If the Special Conditions End Dates were not specified in the disciplinary reports, I counted the solitary confinement sanction as lasting only one day. Finally, I reviewed the Sheriff's Office's Memorandum of Law in Opposition to Plaintiffs' Motion for a Preliminary Injunction. In its memorandum, the Sheriff's Office states that, when Plaintiffs are confined to a cell, they maintain access to religious services. *See* Cty. Defs.' Opp. Mem. at 4.

4. Logs of inmate activity history from October 2015 to October 2016 show that of the six named plaintiffs, only V.W., C.I., and F.K. have attended religious services at the Justice Center. R.C., M.R., and J.P. have never attended religious services. These logs also show that each religious service lasted one hour.

5. Based on my review of the disciplinary records and exhibits to the NaPier declaration described in paragraph 3, I understand that V.W. served a total of 149 days in solitary confinement from October 2015 to October 2016. Based on my review of the logs of inmate activity history for V.W., I understand that V.W. attended only one religious service during his 149 days in solitary confinement.

6. Based on my review of the disciplinary records and exhibits to the NaPier declaration described in paragraph 3, I understand that C.I. served a total of 58 days in solitary confinement from October 2015 to October 2016. Based on my review of the logs of inmate activity history for C.I., I understand that C.I. attended only two religious services during his 58 days in solitary confinement.

7. Based on my review of the disciplinary records and exhibits to the NaPier declaration described in paragraph 3, I understand that F.K. served a total of 28 days in solitary confinement from October 2015 to October 2016. Based on my review of the logs of inmate activity history for F.K., I understand that F.K. attended only two religious services during his 28 days in solitary confinement.

I certify under penalty of perjury that the foregoing is true and correct.

Dated: January 30, 2017
      New York, New York

_____
Maria Rafael