UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x
V.W., a minor, by and through his parent and
natural guardian DERECK WILLIAMS, et
al., on behalf of themselves and all others
similarly situated,

                   Plaintiffs,

       v.

EUGENE CONWAY, Onondaga County Sheriff,
in his official capacity, et al.,

                   Defendants.
-------------------------------------------------------------x

16-CV-1150 (DNH) (DEP)

**DECLARATION OF JOSHUA COTTER IN SUPPORT OF JOINT MOTION
FOR PRELIMINARY APPROVAL OF CLASS-ACTION SETTLEMENT**

      JOSHUA T. COTTER, an attorney admitted to practice law in the State of New York and in the Northern District of New York, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury as follows:

      1.     I am an attorney duly licensed to practice law in the State of New York and am admitted to practice in the Northern District of New York. I am employed as a Staff Attorney for Legal Services of Central New York, Inc., counsel for the plaintiff class and sub-class in this matter. As such, I am fully familiar with the facts and circumstances of this proceeding.

      2.     I submit this declaration in support of the joint motion by the parties pursuant to Rule 23(e) of the Federal Rules of Civil Procedure seeking the Court's preliminary approval of the proposed settlement in this matter.

1

## BACKGROUND AND SETTLEMENT NEGOTIATIONS

3. Prior to initiating this case, plaintiffs' counsel conducted an extensive investigation. We obtained information from the Sheriff's Office through a Freedom of Information Law ("FOIL") request regarding the placement of juveniles in solitary confinement and the educational services offered to juvenile at the Justice Center. A copy of plaintiffs' FOIL request to the Sheriff's Office is attached hereto as EXHIBIT A. Plaintiffs' counsel also conducted numerous interviews with juveniles held at the Justice Center.

4. This class-action civil-rights lawsuit alleging violations, under color of state law, of rights secured by the Civil Rights Act of 1971, 42 U.S.C. § 1983, the Eighth and Fourteenth Amendments to the United States Constitution, and the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400-1482 was filed on September 21, 2016.

5. The class-action complaint seeks declaratory and injunctive relief on behalf of the class members. It does not seek damages on behalf of the class.

6. On September 23, 2016, plaintiffs filed a motion under Federal Rule of Civil Procedure 23 for certification of a class consisting of "[a]ll 16- and 17-year-olds who are now or will be incarcerated at the Onondaga County Justice Center" and an Individuals with Disabilities Education Act ("IDEA") sub-class of "[a]ll 16- and 17-year-olds with disabilities, as defined by the Individuals with Disabilities Education Act, who are now or will be incarcerated at the Onondaga County Justice Center, who are in need of special education and related services." *See* ECF No. 5.

7. In anticipation of filing a motion for a preliminary injunction plaintiffs received the following expedited discovery: (a) documents and data regarding the use of solitary confinement for juveniles; (b) documents regarding the provision of educational services to juveniles; (c) tours of the Justice Center by plaintiffs' psychiatric expert and two corrections experts, which included interviews of juveniles and staff; and (d) photographs of all areas in which juveniles are housed at the Justice Center. A list of discovery provided by to plaintiffs by the Sheriff's Office is attached hereto as EXHIBIT B and a list of discovery provided by the School District is attached hereto as EXHIBIT C.

8. Plaintiffs began settlement discussions with the Sheriff's Office in early November 2016 by sending the Sheriff's Office a statement, which outlined their settlement principles. Following the Sheriff's Office's review of the principles, an in-person settlement meeting was arranged which was attended by plaintiffs' counsel, counsel for the Sheriff's Office, Chief Esteban Gonzalez, Deputy Chief Kevin Brisson, Undersheriff Jason Cassalia and plaintiffs' expert Warden Leander Parker.

9. After initial settlement discussions stalled, plaintiffs' filed a Motion for Preliminary Injunction on December 21, 2016.   *See* ECF No. 46.

10. The Court granted plaintiffs' Motion for Class Certification and Motion for Preliminary Injunction on February 22, 2017.   *See* ECF No. 68.

11. Following the Court's Memorandum-Decision and Order, the parties engaged in extensive settlement negotiations and eventually agreed on an interim settlement agreement, which the Court endorsed on April 10, 2017. Under the interim

settlement agreement, the Sheriff's Office agreed to no longer place juveniles in the Special Housing Unit ("SHU"), greatly reduce the time juveniles were locked into their cells for disciplinary purposes, and create a Youth Coalition Team to evaluate their policies and practices concerning juveniles.   The School District agreed to provide all juveniles with the education and special education instruction and related services to which the juveniles are entitled.

12.   Under the interim agreement, plaintiffs continued to receive discovery reflecting the changing disciplinary and education practices at the Justice Center.

13.   Following the signing of the interim settlement, the parties engaged in good-faith, arm's-length negotiations for over two months, which culminated in the final proposed settlement referenced in paragraph 2, above.   Over the last two months, the parties conducted several negotiation discussions per week by phone and exchanged numerous draft settlements.

**THE PROPOSED SETTLEMENT IS PROCEDURALLY AND SUBSTANTIVELY FAIR**

14.   The proposed settlement is fair. It will result in systemic relief for the entire class to substantially reduce the use and duration of disciplinary isolation at the Justice Center and ensure every class member receives the education and special education instruction and services to which they are entitled.   Such relief is consistent with what would have been sought by the plaintiff class in this litigation had the matter proceeded to trial. Through this settlement agreement, the defendants have promised to provide systemic relief promptly to the plaintiff class, as opposed to the uncertainties and duration of complex civil-rights litigation.

15. A proposed notice to the class is attached as EXHIBIT D. The notice contains reference to all major elements of the settlement drafted in plain English to make them more comprehensible to the class members. Plaintiffs' counsel will be responsible for translating the Notice into Spanish for distribution in the Justice Center.

16. Legal Services of Central New York, Inc. ("LSCNY") is a non-profit law firm, which provides free legal services to financially eligible clients in a thirteen-county region in upstate New York. LSCNY has successfully litigated several class actions, including prisoners' rights cases, against County governments, New York State and other government defendants.

17. Plaintiffs' counsel have decades of civil rights litigation experience. The qualifications of plaintiffs' counsel are set forth fully in my previous declaration submitted to the Court in support of class certification. *See* Declaration of Joshua Cotter in Support of Motion for Class Certification, ECF No. 5-3, Exs. 14-15.

18. The proposed settlement has also been informed by the views and assessments of plaintiffs' experts Louis Kraus M.D., Barry Krisberg Ph.D. and Warden Leander Parker. The qualifications of plaintiff's experts are set forth fully in their declarations previously submitted to the Court. *See* Declaration of Louis Kraus M.D., ECF No. 5-2; Supplemental Declaration of Louis Kraus, M.D., ECF No. 46-13; Declaration of Barry Krisberg Ph.D., ECF No 46-3; Declaration of Leander Parker, ECF No. 46-6. In preparing these declarations, plaintiffs' experts reviewed voluminous data, policies and procedures, juveniles' records, toured the Justice Center, and interviewed several juveniles.

19.	Plaintiffs' counsel has interviewed dozens of class members since settlement negotiations began.   These class members have discussed their concerns and what they would like to see included in the settlement.   These interviews informed settlement negotiations.

20.	Deputy County Attorney Carol Rhinehart represents the Sheriff's Office defendants and Jonathan Fellows, a partner at Bond, Schoeneck and King, represents the Syracuse City School District.   It is the understanding of plaintiffs' counsel that Ms. Rhinehart and Mr. Fellows have substantial litigation experience and zealously represented their clients throughout the negotiations.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: June 26, 2017
	Syracuse, New York

						Respectfully submitted,

						/s/ Joshua Cotter
						Joshua T. Cotter, Esq.
						LEGAL SERVICES OF CENTRAL
						NEW YORK
						221 S. Warren Street, 3rd Floor
						Syracuse, NY 13202
						Tel:  (315) 703-6500
						jcotter@lscny.org