# EXHIBIT D

# IMPORTANT NOTICE TO 16- AND 17-YEAR-OLD INMATES IN THE JUSTICE CENTER
### ABOUT A PROPOSED SETTLEMENT OF A CLASS ACTION
### AFFECTING THE POLICIES AND PROCEDURES FOR DISCIPLINARY CONFINEMENT AND EDUCATIONAL SERVICES

A proposed settlement has been reached in a federal civil-rights class-action lawsuit filed against the Onondaga County Sheriff's Office and the Syracuse City School District ("defendants"), entitled *V.W., et al. v. Conway, et al.*, No. 16-CV-1150. This lawsuit challenges the solitary confinement of 16- and 17-year-olds ("juveniles") and the denial of educational services for juveniles, including special education and related services.

The defendants and the lawyers for the class members have reached a settlement agreement that they believe is fair to both sides. If you are a 16- or 17-year-old who is now or will be incarcerated in the Justice Center, then you are a member of the class. In addition, if you are a 16- or 17-year-old with disabilities who are now or will be incarcerated at the Justice Center and who are in need of special education and related services, then you are also a member of the subclass. This notice explains the proposed settlement agreement, how you can read it, and how you can tell the Court whether you think it is fair. The settlement agreement is long and its terms are complex. This is only a brief summary of key terms of the settlement agreement. A copy of the settlement agreement is available for you to read in the unit in which you are housed at the Justice Center.

THIS CASE DID NOT SEEK ANY MONEY DAMAGES FOR THE CLASS OR SUBCLASS, AND THE SETTLEMENT WILL NOT AFFECT THE RIGHT OF ANY JUVENILES TO SEEK DAMAGES FOR SIMILAR CLAIMS. THE SETTLEMENT DOES NOT ADDRESS THE CLAIMS FOR DAMAGES OF ANY SPECIFIC JUVENILES, AND ATTORNEYS FOR THE CLASS CANNOT OFFER AN OPINION ABOUT YOUR ABILITY TO PURSUE A CLAIM FOR MONEY DAMAGES AGAINST DEFENDANTS.

In brief summary, the key provisions of the settlement agreement require the defendants to do the following:

1. Restrict the use of disciplinary confinement to situations where a juvenile poses an imminent threat to the safety and security of the facility and where less restrictive measures will not adequately address the threat.

2. Restrict the use of disciplinary confinement to the minimum period of time necessary to resolve an imminent threat to the safety and security of the facility.

3. Prohibit the placement of juveniles in segregated housing units ("SHU").

4. Prohibit the use of disciplinary confinement for juveniles who refuse to attend educational instruction.

5. Implement regular reviews of every juvenile's disciplinary confinement and release the juvenile from confinement once the reviewer determines that the imminent threat is resolved.

6. Provide prompt notice to mental health staff whenever a juvenile is placed in disciplinary confinement so that mental health staff may employ mediation or crisis intervention techniques to resolve the imminent threat, provided that mental health staff are available to do so and deem such techniques to be appropriate.

7. Provide a mental health assessment of every juvenile in disciplinary confinement beyond one staff shift to determine (a) whether the juvenile poses an imminent threat because of a mental health concern or (b) whether the juvenile is experiencing serious harm as a result of cell confinement.  If either is the case, follow the recommendations of the licensed mental health professional.

8. Provide any juvenile in disciplinary confinement at least two hours of recreation per day, one shower per day, legal and non-legal visits, the education and special education and related services to which they are entitled under the law, and access to any other services to which they are entitled under the law.

9. Allow juveniles in disciplinary confinement to speak with other juveniles and to eat their meals outside their cells with other juveniles, provided that neither action jeopardizes the safety and security of the facility.

10. Provide psychosocial group counseling or psychiatric assessment and treatment as found necessary by licensed mental health professionals or as requested by juveniles.

11. Make good-faith efforts to expand programming available to juveniles and ensure that juveniles are aware of and have access to all programming available to them.

12. Implement a comprehensive behavior management system that, among other things, will include (a) an incentive program for juveniles with a reward system to encourage positive behavior, (b) a list of prohibited behaviors and their consequences, (c) a least-restrictive sanctions system where sanctions are proportional to the alleged offense, (d) a treatment program, and (e) a description of the full range of programming offered at the Justice Center.

13. Develop and implement individual behavior management plans for each juvenile that will identify the special needs of the juvenile and any accommodations required for the juvenile's medical, mental health, or educational needs.

14. Maintain a multi-disciplinary team of security staff, medical and mental health staff, and educational staff to serve as the Youth Coalition Team that will supervise, educate, care for, and work with juveniles at the Justice Center.

15. Train the Youth Coalition Team members and Justice Center staff who interact with juveniles on the behavior management system and on techniques and best practices in supervising juveniles in an instructional context.

16. Provide sufficient classroom space and security staff to escort juveniles to classroom space and supervise juveniles during instruction.

17. Offer all eligible juveniles three hours of instruction per school day, including during the summer session.

18. Advise juveniles of the availability of high school credit-bearing instruction and programs from the School District at the Justice Center.

19. Provide juveniles classified as having a disability with the special education and related services set forth in the juvenile's most recent Individualized Education Plan.

20. Arrange for the annual review or reevaluation of juveniles who were classified as having a disability and are due for a review or reevaluation.

21. Maintain procedures for the referral and identification of juveniles suspected of having a disability.

22. When any juvenile classified as having a disability is removed from instruction for ten or more school days either at the request of the School District or because of the juvenile's behavior during instruction, conduct a review to determine whether the behavior resulting in removal was a manifestation of the juvenile's disability.

The lawyers for the class members will be able to monitor how the Sheriff's Office acts during the settlement by getting documents from the defendants, touring the Justice Center, and speaking with representatives from the defendants. The settlement agreement will last until at least October 1, 2019. Because this case is a civil rights case, the lawyers would be entitled to an award of legal fees if the case was won in court. The lawyers for the class members will be able to negotiate with the defendants over reasonable attorneys' fees and costs.

The judge in this case will hold a hearing to determine whether the settlement agreement is fair and reasonable on _____, at _____ at the Alexander Pirnie Federal Bldg. and U.S. Courthouse, 10 Broad Street, Utica, New York, 13501.

Juveniles can write to the Court about the settlement's fairness. Comments MUST include the name of this case, *V.W., et al. v. Conway, et al*, and the docket number 16-CV-1150 (DNH), at the top of the first page. Please note that the Court can only approve or deny the settlement; it cannot change the terms of the settlement agreement. Comments must be mailed no later than _____. They can be sent to the following address:

> Clerk of the Court
> Attn:  Juvenile Solitary Confinement Settlement, 16-CV-1150 (DNH)
> United States District Court, Northern District of New York
> Alexander Pirnie Federal Bldg. and U.S. Courthouse
> 10 Broad Street
> Utica, NY 13501

If you have any questions or want more information about the case, please write to the lawyers for the class at either of the following addresses:

| | |
|---|---|
| New York Civil Liberties Union | Legal Services of Central New York |
| Attn:  Justice Center Settlement | Attn:  Justice Center Settlement |
| 125 Broad Street, 19th Floor | 221 South Warren Street, Suite 300 |
| New York, NY 10004 | Syracuse, New York 13202 |