UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

V.W., a minor, by and through his parent
and natural guardian DERECK WILLIAMS,
R.C., a minor, by and through his parent
and natural guardian SANDRA CHAMBERS,
C.I., a minor, by and through his parent
and natural guardian VERTELL PENDARVIS,
M.R., a minor, by and through his parent and
natural guardian KAREN RAYMOND,
F.K., a minor, by and through his parent and
natural guardian KASHINDE KABAGWIRA,
and J.P., a minor, by and through his parent
and natural guardian ALISSA QUIONES,

                    Plaintiffs,

            -v-                                    9:16-CV-1150

EUGENE CONWAY, Onondaga County
Sheriff in his official capacity, ESTEBAN
GONZALEZ, Chief Custody Deputy of the
Onondaga County Justice Center, in his
official capacity, KEVIN M. BRISSON,
Assistant Chief Custody Deputy, in his
official capacity, and SYRACUSE CITY
SCHOOL DISTRICT,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                         OF COUNSEL:

NEW YORK CIVIL LIBERTIES UNION       CHRISTOPHER T. DUNN, ESQ.
Attorneys for Plaintiffs             MARIKO HIROSE, ESQ.
125 Broad Street, 19th Floor         PHILIP L. DESGRANGES, ESQ.
New York, NY 10004                   AADHITHI PADMANABHAN, ESQ.
                                     MARIANA L. KOVEL, ESQ.

LEGAL SERVICES OF CENTRAL NEW YORK   JOSHUA T. COTTER, ESQ.
Attorneys for Plaintiffs             SAMUEL C. YOUNG, ESQ.
221 South Warren Street, Suite 300   SUSAN M. YOUNG, ESQ.
Syracuse, NY 13202

SANFORD, HEISLER LLP
Attorneys for Plaintiffs
1666 Connecticut Avenue NW, Suite 300
Washington, DC 20009

AIMEE KRAUSE STEWART, ESQ.

ONONDAGA COUNTY DEPARTMENT OF LAW
Attorneys for defendants Eugene Conway,
    Esteban Gonzalez, and Kevin M. Brisson
John H. Mulroy Civic Center
421 Montgomery Street, 10th Floor
Syracuse, NY 13202

CAROL L. RHINEHART, ESQ.

BOND, SCHOENECK LAW FIRM
Attorneys for defendant Syracuse City
    School District
One Lincoln Center
Syracuse, NY 13202

JONATHAN B. FELLOWS, ESQ.

HON. RICHARD S. HARTUNIAN
United States Attorney for the
    Northern District of New York
445 Broadway, Room 218
Albany, NY 12207

JOHN D. HOGGAN, JR., ESQ.
Ass't United States Attorney

UNITED STATES DEPARTMENT
    OF JUSTICE
Civil Rights Division, Special Litigation Section
950 Pennsylvania Avenue, NW
Washington, D.C. 20530

KYLE SMIDDIE, ESQ.
ATTICUS LEE, ESQ.

NAACP - CNY CHAPTER LEGAL COMMITTEE
Attorneys for Amici Curiae
Colvin Station, P.O. Box 397
Syracuse, NY 13205

LANESSA L. OWENS, ESQ.

DAVID N. HURD
United States District Judge

## ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

On September 21, 2016, the named plaintiffs commenced this action seeking relief on

behalf of themselves and a putative class of fellow 16- and 17-year-olds being detained at

the Onondaga County Justice Center (the "Justice Center") by defendants Onondaga County

-2-

Sheriff Eugene Conway, Chief Custody Deputy Esteban Gonzalez, and Assistant Chief Custody Deputy Kevin Brisson (the "Onondaga County defendants"). According to plaintiffs, declaratory and injunctive relief was necessary to end the Onondaga County defendants' routine practice of imposing solitary confinement on juveniles being held at the Justice Center. Plaintiffs further alleged that the Syracuse City School District (the "School District"), which had contracted with the Justice Center to provide educational services to incarcerated juveniles, denied juveniles in solitary confinement the minimum educational instruction required by law.

In a Memorandum–Decision & Order issued on February 22, 2017, plaintiffs' motions for class certification and for a preliminary injunction were granted while the School District's motion for summary judgment was denied. V.W. by & through Williams v. Conway, –F. Supp. 3d–, 2017 WL 696808 (N.D.N.Y. Feb. 22, 2017). Thereafter, the parties entered into an interim settlement agreement and worked toward negotiating final terms that would provide significant relief to members of the now-certified class and subclass.

On June 26, 2017, the parties jointly moved for preliminary approval of a final class action settlement agreement (the "Settlement Agreement"). This joint motion was granted on June 28, 2017 (the "June 28 Order"). At that time, the Court approved the parties' proposed Notice to the Class of the Settlement Agreement (the "Notice") and directed the Onondaga County defendants to distribute the Notice in accordance with the parties' proposed terms.

The June 28 Order further provided an appropriate time period in which class members could lodge written objections to the Notice's terms. The June 28 Order also set Monday, August 28, 2017 at 11:00 a.m. as the date and time that a Fairness Hearing would be conducted on the record in Utica, New York to determine whether final approval of the

- 3 -

Settlement Agreement would be granted. The parties were later informed that the Fairness Hearing would be adjourned until 2:00 p.m. to permit for a three-hour period during which any objectors would have an opportunity to make their presence known to the Court. In anticipation of the Fairness Hearing, the parties jointly moved for final approval of the class action settlement by submitting a memorandum of law, supporting declaration, and proposed order.

On August 28, 2017, at 2:00 p.m., a Fairness Hearing was conducted on the record in Utica, New York. At that time, no class members had lodged any written objections to the Settlement Agreement. Further, no class member or any other party was heard to object to the Settlement Agreement either before or during the Fairness Hearing. Finally, a review of the parties' joint motion papers as well as their attached submissions revealed that the Settlement Agreement satisfies the requirements of the Prison Litigation Reform Act found at 18 U.S.C. § 3626(a)(1)(A).

After considering these facts, the parties' statements on the record, and the factors set forth in Rule 23 of the Federal Rules of Civil Procedure, the Settlement Agreement is fair, reasonable, and adequate to the class and subclass. See Wal-Mart Stores, Inc. v. Visa USA Inc., 396 F.3d 96, 117 (2d Cir. 2005) (setting forth nine factors to be considered in assessing the fairness of a proposed class settlement). Accordingly, the parties' joint motion for final approval of the class action settlement will be granted.

Therefore, it is

ORDERED that

The Settlement Agreement filed by the parties on June 26, 2017 is APPROVED as fair, reasonable, and adequate to the class of "All 16- and 17-year-olds who are now or will

- 4 -

be incarcerated at the Onondaga County Justice Center" and to the subclass of "All 16- and 17-year-olds with disabilities, as defined by the Individuals With Disabilities Education Act, who are now or will be incarcerated at the Onondaga County Justice Center, and who are in need of special education and related services."

IT IS SO ORDERED.

United States District Judge

Dated: August 28, 2017
Utica, New York.